UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. DAYTON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:15-cv-0888-KJM-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Edward Dayton, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

      The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

////

////

////

Plaintiff alleges in his complaint, which is styled as a "petition for writ of extraordinary relief," that the Solano County Superior Court improperly sustained a demurrer to a complaint plaintiff filed in that court and dismissed plaintiff's action without leave to amend despite plaintiff having evidence sufficient to support all of the allegations of his complaint. (ECF No. 1 at 2.) Plaintiff appears to allege further that he appealed the state trial court's decision, first to California's First District Court of Appeal, which rendered an unfavorable decision, and then to the California Supreme Court, which denied his petition for review on procedural grounds. (Id. at 1.) Plaintiff claims that the decision rendered against him at each level of Calfornia's court system failed to comply with the California Rules of Court, therefore making these decisions void for want of jurisdiction. (Id. at 2.) Plaintiff requests that the court "transfer" this case from the state court to this court in order to allow him to obtain a proper decision on the matter. (Id. at 1-2.) Plaintiff also alleges that his underlying claims in this action are based on "Civil Rights violations under [42 U.S.C. § 1983], and closely related state claims." (Id. at 3.)

While the complaint is sparse on factual allegations regarding the actual substance of plaintiff's "civil rights" and state law claims, it appears from these allegations that plaintiff asks the court to review a final judgment entered by the state court and vacate that judgment. However, such a request is barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine occupies "narrow ground." Skinner v. Switzer, 562 U.S. 521 (2011). "'The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments.'" AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007) (quoting Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007)). "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Henrichs, 474 F.3d at 613 (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); accord Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008).

////

////

3

The *Rooker-Feldman* doctrine may also apply, however, where the parties do not directly contest the merits of a state court decision, but file an action that constitutes a "de facto" appeal from a state court judgment. Reusser, 525 F.3d at 859. Such a de facto appeal exists where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id. (citation and quotation marks omitted). "Once a federal plaintiff seeks to bring a forbidden defacto appeal . . . , that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003); see also Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003) ("The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles.").

Here, plaintiff's allegations clearly demonstrate that plaintiff seeks little more than to have this court review, and ultimately overturn, the decision rendered against him in the case he filed in California's state court system. In other words, plaintiff requests this court to exercise appellate review over a final state court judgment. Under the *Rooker-Feldman* doctrine, this court is proscribed from conducting such a review. Exxon Mobile Corp., 544 U.S. at 284; Henrichs, 474 F.3d at 613. Furthermore, to the extent plaintiff attempts to assert the unspecified "Civil Rights violations under [42 U.S.C. § 1983], and closely related state claims," (ECF No. 1 at 3), alleged in the complaint independent of his request for this court to directly review the state court's final decision, such claims are also barred by the *Rooker-Feldman* doctrine because plaintiff's allegations make it clear that the claims and issues presented in this action are "inextricably intertwined" with the claims and issues plaintiff presented in his unsuccessful state court action. Reusser, 525 F.3d at 859; Noel, 341 F.3d at 1158.

////

////

While the undersigned would ordinarily grant plaintiff leave to amend his complaint to address its deficiencies, such an exercise would be futile in this case because the *Rooker-Feldman* doctrine provides a jurisdictional bar to this action that cannot be overcome by further revision of plaintiff's allegations. Because granting plaintiff leave to amend would be futile, the undersigned recommends that this action be dismissed with prejudice. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).[2]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 3) is GRANTED.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED WITH PREJUDICE.

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 10, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also filed a request for the court take judicial notice of the decision issued by California's First District Court of Appeal with respect to plaintiff's appeal of his state court action. (ECF No. 4.) Because the undersigned recommends that this action be dismissed with prejudice, plaintiff's request for judicial notice is moot and, therefore, is denied.